UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VONDA L. ANDREWS,

|                      |                                        |
|----------------------|----------------------------------------|
| Plaintiff,           | Civil Action No. 12-13111              |
|                      | Honorable Avern Cohn                   |
| v.                   | Magistrate Judge David R. Grand        |

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.
_____/

## REPORT AND RECOMMENDATION ON PETITION FOR ATTORNEY FEE PURSUANT TO 42 U.S.C. §406(b)(1) [28]

## I.      REPORT

### A.      Procedural History

On July 16, 2012, Plaintiff Vonda Andrews filed suit against the Commissioner of Social Security challenging the Commissioner's final decision denying her application for Disability Insurance Benefits. [1]. After summary judgment briefing by both sides, this Court issued a Report and Recommendation ("R&R") on April 30, 2013, finding that the Administrative Law Judge's ("ALJ") conclusion that Andrews was not disabled was not supported by substantial evidence. [16]. The Commissioner did not object to the R&R, which the District Court adopted on May 20, 2013. [17]. That same day, a Judgment was entered remanding the matter for further administrative proceedings. [18].

On June 17, 2013, Andrews' attorney, Kiel Roeschke, filed an application for attorney's fees under the Equal Access to Justice Act ("EAJA"). [19]. On December 30, 2013, this Court granted in part and denied in part Roeschke's application, awarding a fee of $4,312.50. [24].

Andrews subsequently prevailed on remand, when the ALJ issued a favorable decision

1

that was received by Roeschke on December 3, 2013. [28 at ¶2]. The Commissioner's Office of Central Operations issued a notice awarding Andrews $51,951.00 in total past-due benefits. [*Id.*]. On May 16, 2014, Roeschke filed a Petition for Attorney Fees, seeking 25% of Andrews' past-due benefits, or $12,987.75, while indicating that he would refund to Andrews the EAJA fee previously received ($4,312.50). [*Id.*]. In his Petition, Roeschke asserts that he obtained a favorable decision for his client and is therefore entitled to a reasonable fee for his work in accordance with the fee agreement executed by Andrews and Roeschke and pursuant to 42 U.S.C. §406(b). [*Id.* at ¶¶4-11]. The Commissioner does not object to Roeschke's request. [33].

**B.     Analysis**

42 U.S.C. §406(b) authorizes the Court to award attorney fees following the successful disposition of Social Security disability appeals. Section 206(b)(1) of the Social Security Act permits courts to award attorneys up to 25% of the past-due benefits to which a claimant is entitled after a favorable decision. Attorney fees are subject to the condition that they be reasonable for the services rendered. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002). In the event that the attorney has already received an EAJA award and subsequently seeks an award under §406(b), the attorney must return the smaller of the two awards to the plaintiff. *See Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989).

Roeschke is requesting $12,987.75 in attorney fees, which represents 25% of the past due benefits awarded to Andrews. Roeschke has submitted a fee agreement, signed by both himself and Andrews, in which Andrews specifically acknowledges that an attorney who successfully represented her in court may be awarded a reasonable fee, not in excess of 25% of her past due benefits. [28 at Ex. B].

Contingent fee arrangements are allowed under the Social Security Act. In fact, an

"agreement for a 25% fee, the maximum permitted under §206(b) of the Social Security Act, 42 U.S.C. §406(b), is presumed reasonable," even if amounts called for by the 25% contingency agreements compute to rather high hourly rates. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990) (citing *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989), and *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)). The Sixth Circuit has recognized that "[c]ontingent fees generally overcompensate in some cases and undercompensate in others." *Id.* (quoting *Royzer*, 900 F.2d at 982).

In Social Security cases, the 25% contingent fee "is not to be viewed as *per se* reasonable," but generally, "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez*, 865 F.2d at 746. Fees may be reduced below the 25% limit for improper conduct, ineffectiveness of counsel, and "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*

In this case, there is no suggestion that Roeschke behaved improperly or was ineffective. Nor does it appear that awarding the total fee requested would amount in a windfall. Roeschke has submitted a full log of his activities on Andrews' behalf, which shows a total of 39.5 hours spent on the case. [28 at Ex. C]. Given that the total award requested is $12,987.75, the effective hourly rate would be approximately $328. Awards resulting in comparable (or higher) hourly rates have been deemed reasonable by courts in the past. *See, e.g., Hamilton v. Comm'r of Soc. Sec.*, 2011 WL 10620498, at *5-6 (E.D. Mich. Aug. 15, 2011) (approving an effective contingency rate of $625 per hour for §406(b) fees); *Karadsheh v. Comm'r of Soc. Sec.*, 2011 WL 5041366, at *3 (W.D. Mich. Sept. 26, 2011) (approving $360 per hour for §406(b) fees).

Moreover, in assessing a fee determination, courts have found it useful, although not necessary, to consider the defendant's position as to the reasonableness of the requested fee award. *See, e.g., Lewis v. Secretary of Health & Human Servs.*, 707 F.2d 246, 248 (6th Cir. 1983). In this case, the Commissioner indicated in her response that she does not believe that the award requested would be a windfall given the amount of time spent on the case. [33 at 2].

## II.   RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Roeschke's petition for attorney fees under 42 U.S.C. §406(b) [**28**] be **GRANTED** and that attorney fees be awarded to Roeschke in the amount of $12,987.75, provided that Roeschke refunds the amount previously awarded under the EAJA ($4,312.50) to Andrews.

Dated: July 7, 2014                                    s/  David R. Grand
                                                              DAVID R. GRAND
                                                              UNITED STATES MAGISTRATE JUDGE

## NOTICE

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 7, 2014.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager